IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Jayson Irizarry, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5:20-cv-0098-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| M. Travis Bragg, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jayson Irizarry ("Petitioner"), a federal prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 9, 2020. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On July 27, 2020, Respondent filed a Motion for Summary Judgment, (ECF No. 32), and Petitioner filed a Response in Opposition to Respondent's motion, (ECF No. 36). Now before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the Petition be dismissed for lack of jurisdiction or, in the alternative, that Respondent's Motion for Summary Judgment be granted and that the Petition be denied. (ECF No. 43 at 6). Petitioner filed objections to the Report on December 11, 2020. (ECF No. 45).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the

1

recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . d[id] not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the

objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## I. BACKGROUND/PROCEDURAL HISTORY

In the Report, the magistrate judge set forth the relevant facts, *see* (ECF No. 43 at 1–2), and Petitioner did not object to that portion of the Report, *see* (ECF No. 45). Briefly, Petitioner is currently incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina. (ECF Nos. 1 at 1; 43 at 1). Petitioner filed the instant action to challenge his conviction for unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) based on the United States Supreme Court's opinion in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF Nos. 1 at 1, 7; 1-1 at 8–15).

In July 2013, a jury found Petitioner guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1), and, subsequently, Petitioner was sentenced to be imprisoned for 188 months. (ECF No. 43 at 1–2 (citing *United States v. Irizarry*, No. 1:12-cr-20895-WPD-1 (S.D. Fla. July 8, 2013), Dkt. Nos. 51, 64)).[1] Petitioner appealed both his conviction and his sentence, and, on May 6, 2014, the Eleventh Circuit Court of Appeals affirmed

---

[1] The court may take judicial notice of court and public records related to Plaintiff's state criminal proceedings. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "'the most frequent use of judicial notice is in noticing the content of court records.'").

the judgment against Petitioner. *United States v. Irizarry*, 563 Fed. App'x 754, 757–58 (11th Cir. 2014); *see also* (ECF No. 43 at 2 (citing *Irizarry*, Dkt. Nos. 65, 98)). Petitioner then sought to vacate his sentence pursuant to 28 U.S.C. § 2255, which the Florida district court denied on July 29, 2015. (ECF Nos. 1 at 5; 43 at 2 (citing *Irizarry*, Dkt. Nos. 106, 107)). The following year, Petitioner filed a second § 2255 motion, which the court denied as successive on June 29, 2016. (ECF No. 43 at 2 (citing *Irizarry*, Dkt. Nos. 108, 109)). According to Petitioner, he also filed a request for leave to file a successive § 2255 motion with the Eleventh Circuit, but his request was denied in September 2019. (ECF Nos. 1 at 5; 1-1 at 2).

Petitioner now seeks habeas relief from this court pursuant to 28 U.S.C. § 2241. (ECF No. 1). Specifically, Petitioner contends that his § 922(g)(1) felon-in-possession conviction is no longer valid under *Rehaif*, because the government failed to prove, and the court failed to charge the jury on, the "knowledge" element. *See id*. at 2, 4, 6–7; *see also* (ECF No. 1-1). Petitioner asks that the court vacate the judgment against him. (ECF No. 1 at 8). On June 11, 2020, Respondent filed a Motion for Summary Judgment, (ECF No. 32), and Petitioner responded on June 30, 2020, (ECF No. 36). The magistrate judge entered her Report on November 24, 2020, recommending the undersigned dismiss the Petition (ECF No. 1) for lack of jurisdiction or, in the alternative, grant the Respondent's Motion for Summary Judgment (ECF No. 32) and deny the Petition. (ECF No. 43). Petitioner filed objections to the Report. (ECF No. 45). Accordingly, the matter is now ripe for review.

## II. MAGISTRATE JUDGE'S REPORT

In her Report, the magistrate judge correctly noted that Petitioner cannot challenge his conviction or sentence under § 2241 unless he can satisfy the "savings clause" of § 2255, which requires him to demonstrate that the relief available under § 2255 is "inadequate or ineffective to

4

test the legality of his detention." 28 U.S.C. § 2255(e); *see also* (ECF No. 43 at 3–4). Further, because the savings clause is a "jurisdictional provision," this court is without jurisdiction to rule on a § 2241 petition if such a showing is not made. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018).

As the magistrate judge recognized, it is well-settled in this circuit that, in order to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a conviction, a petitioner must establish the following:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000); *see also* (ECF No. 43 at 4). Subsequently, the Fourth Circuit articulated a four-part test to determine whether a § 2255 motion is "inadequate and ineffective" to raise challenges to sentencing errors:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.

5

The magistrate judge also correctly observed that, "'[i]n evaluating substantive claims under the savings clause,' a district court must 'look to the substantive law of the circuit where a defendant was convicted.'" (ECF No. 43 at 5 n.2 (quoting *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019)). The applicable "procedural law," however, is that of the district court's home circuit. *Hahn*, 931 F.3d at 301. In this case, because Petitioner was convicted in the Southern District of Florida, the magistrate judge properly applied the substantive law of the Eleventh Circuit Court of Appeals. (ECF No. 43 at 5–6).

As to Petitioner's claim that the Supreme Court's decision in *Rehaif* renders his § 922(g)(1) conviction invalid, the magistrate judge concluded that, based on Eleventh Circuit precedent, Petitioner failed to satisfy the second prong of the *Jones* test which requires a showing that "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal," 226 F.3d at 334. (ECF No. 43 at 5–6).[2] Accordingly, the magistrate judge concluded that the conduct of which Petitioner was convicted continued to be criminal even after *Rehaif* and that Petitioner, therefore, could not satisfy the second prong of *Jones*. *Id*.

Additionally, the magistrate judge found that, even if Petitioner was able to meet the *Jones* test, Petitioner is not entitled to relief under *Rehaif*. *Rehaif* requires the government to establish only that a defendant knew of his prohibited status, such as a convicted felon, not that a defendant knew he was specifically prohibited from possessing a firearm. *See* 139 S. Ct. at 2194. The magistrate judge noted that "Petitioner entered a stipulation at his trial in which he admitted that

---

[2] In reaching this conclusion, the magistrate judge relied on *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (explaining that *Rehaif* "did not announce a 'new rule of constitutional law,' but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2) . . . the government must prove that the defendant knew he violated each of the material elements of § 922(g)"); *In re Wright*, 942 F.3d 1063, 1064–65 (11th Cir. 2019) (same); and *United States v. McLennan*, 958 F.3d 1110, 1118–20 (11th Cir. 2020) (holding that failure to charge the knowledge-of-status element pre-*Rehaif* is a non-jurisdictional defect that does not affect the rights of the accused). (ECF No. 43 at 5–6).

he had been convicted of a felony prior to his arrest for possessing a firearm, that his right to possess a firearm had not been restored, and he was not and is not legally allowed to possess a firearm." (ECF No. 43 at 6 n.3 (citing ECF No. 32-8 at 182)). Further, Petitioner's Pre-Sentence Report ("PSR") shows that, before he was arrested on the instant firearm offense, Petitioner had previously served a four-year sentence for use of a firearm during the commission of a felony and possession of a firearm by a felon. *Id*. (citing *Irizarry*, Dkt. No. 39 at 11). Thus, the magistrate judge concluded that Petitioner could not establish any error under *Rehaif*. *Id*. (citing *United States v. Raymore*, 965 F.3d 475, 485 (6th Cir. 2020) ("[A] jury could infer from Raymore's stipulation to his prior felony conviction the requisite knowledge of his status for a § 922(g)(1) violation."); *United States v. Reed*, 941 F.3d 1018 (11th Cir. 2019) (holding that, based on the parties' stipulation to defendant's prior felony conviction, defendant's admission that he was not permitted to have a gun, and defendant's eight-year sentence for possession of a firearm, the omission of the knowledge-of-status element from the indictment and jury instructions for a violation of § 922(g) did not amount to an error that "affected his substantial rights or the fairness, integrity, or public reputation of his trial"); *United States v. Hollingshed*, 940 F.3d 410, 416 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 2545 (Mar. 23, 3030) (holding defendant could not establish *Rehaif* error based on evidence that defendant had previously served a four-year prison sentence). Therefore, the magistrate judge recommends the court dismiss the Petition (ECF No. 1) for lack of subject matter jurisdiction or, in the alternative, grant Respondent's motion for summary judgment (ECF No. 32) and dismiss the Petition. *Id*. at 6.

### III. DISCUSSION

The court now turns to consider Petitioner's objections to the Report. *See* (ECF No. 45). Petitioner first objects "to the Report's declaration that Petitioner cannot show that he is 'actually

innocent' of the offense[,] because 'cognizable claims of "actual innocence" are rare and must be based on factual innocence not legal insufficiency.'" *Id*. at 2, 7.  This objection is without merit.  As an initial matter, the court notes that Petitioner misquotes the Report, which at no point states that "cognizable claims of 'actual innocence' are rare." *See* (ECF No. 43).  Additionally, the Report, made no such finding or conclusion as to Petitioner's ability to establish actual innocence; rather, the magistrate judge merely cited to established United States Supreme Court and Fourth Circuit Court of Appeals precedent that "the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction" and that "'actual innocence' means factual innocence, not mere legal insufficiency." *Id*. at 4 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (citing *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008)).  Consequently, this objection is overruled.

Petitioner's second objection again misrepresents the magistrate judge's recommendations in the Report as well as the Respondent's arguments in support of summary judgment.  (ECF No. 45 at 2 (inaccurately asserting that the magistrate judge recommended the court *deny* Respondent's motion for summary judgment and that Respondent argued that *Jones* was "incorrectly decided")).  Nevertheless, the court is able to glean that Petitioner objects to the magistrate judge's conclusion that he cannot meet the second prong of *Jones* and, therefore, fails to satisfy the requirements for the savings clause.[3]  *See id*. at 2–11.  Specifically, Petitioner asserts that the proper test under *Jones* to determine when a § 2255 motion would be inadequate or ineffective requires the following:

---

[3] The court notes that, in his motion for summary judgment, Respondent concedes that Petitioner is able to satisfy the *Jones* test and the savings clause applies. (ECF No. 32-1 at 8–9).  However, because "the savings clause . . .impose[s] a subject-matter jurisdictional limit on § 2241 petitions[,]" a court "cannot accept [the government's] concession" that the savings clause applies.  *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1338 (11th Cir. 2013); *see also Capalbo v. Antonelli*, C/A No. 1:19-cv-1946-TMC, 2020 WL 3496641, at *4 (D.S.C. June 29, 2020) (citing *Wheeler*, 886 F.3d at 426) (noting "the savings clause requirements are jurisdictional" and "[t]he court has an obligation to determine its subject matter jurisdiction regardless of the position taken by the litigants on the matter").  Therefore, to the extend Petitioner attempts to argue the magistrate judge erred in rejecting the government's concession that the *Jones* test is met in this case, such argument is without merit and is overruled.

> First, [Petitioner] must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first section 2255 motion, and that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction that his grave enough to be deemed a miscarriage of justice.

*Id*. at 3. Petitioner then spends most of the remainder of his objections arguing that he has satisfied this standard. *See id*. at 3–11. However, Petitioner sets forth the wrong test under *Jones*. Instead, Petitioner appears to have combined the standards for second or successive § 2255 motions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[4] with the third-prong of the test for application of the savings clause—that the new rule is not one of constitutional law.[5] *Id*. at 3. Consequently, Petitioner's arguments under the incorrect standard he set forth are entirely irrelevant and unresponsive to the magistrate judge's analysis and conclusion that Petitioner is unable to satisfy the second-prong under *Jones* that the conduct for which he was convicted is no longer deemed to be criminal. *See id*. at 3–11. Accordingly, this objection has no merit and is, therefore, overruled.

Finally, within his second objection, Petitioner includes two unrelated statements which the court liberally construes as Petitioner's third objection. *See id*. at 3, 7. In this objection, Petitioner appears to argue his trial stipulation that he had previously been convicted of felony did

---

[4] Pub. L. No. 104–132, § 105, 110 Stat. 1214, 1220.

[5] Pursuant to § 105 of the AEDPA, a defendant must obtain permission from the appropriate circuit court of appeals before filing a second or successive § 2255 motion and such permission shall only be granted "if the claim sought to be raised presents (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Jones*, 226 F.3d at 330 (quoting 28 U.S.C. § 2255 (h)).

On the other hand, as set forth above, the test to determine when a § 2255 motion is inadequate or ineffective under the savings clause requires a showing that "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Id*. at 333–34.

9

not constitute evidence such that the magistrate judge erred in relying on the stipulation to conclude that the knowledge-of-status element had been satisfied and Petitioner cannot establish any error under *Rehaif*. *See id*. at 3; *see also* (ECF No. 43 at 6 n.3). However, it is well-settled that, "[b]ecause a stipulation induces the government not to offer evidence to prove the facts involved in the stipulation, a defendant may not argue at trial or on appeal that the stipulation is insufficient to prove beyond a reasonable doubt the facts or elements to which he has stipulated.'" *United States v. Patton*, 449 Fed. App'x 252, 253 (4th Cir. 2011) (quoting *United States v. Muse*, 83 F.3d 672, 679 (4th Cir. 1996)). Thus, "[b]y stipulating to felon status, [Petitioner] waive[d] the right to require the Government prove his felon status." *United States v. Brunson*, 482 Fed. App'x 527, 528 (11th Cir. 2012); *see also United States v. Jackson*, 831 Fed. App'x 946, 947 (11th Cir. 2020) (affirming conviction and sentence in light of *Rehaif* where defendant "stipulated that—at the time of the charged offenses—he had previously been convicted in a court of a crime punishable by imprisonment for a term in excess of one year" and where defendant "never . . . claim[ed] that he was really unaware he was a convicted felon when he possessed the charged firearms" (internal quotation marks omitted)); *United States v. Paul*, 826 Fed. App'x 809, 813 (11th Cir. 2020) (affirming, on direct appeal, conviction and sentence where defendant "stipulated to the fact that he had been convicted of a crime punishable by a term of imprisonment in excess of one year" such that "there is no reasonable argument that he was unaware of his felony status in 2018 when he committed the instant offense"). Petitioner's stipulation definitively established both that Petitioner was a convicted felon and that his rights to possession of a firearm had not been restored at the time of the instant offense. (ECF No. 32-8 at 182). Therefore, the magistrate judge correctly concluded that Petitioner could not show he was unaware of his status as a convicted felon at the time of the underlying offense and, as such, cannot establish any error under *Rehaif*. *See* 139 S.

Ct. at 2194 (requiring the government prove only that the defendant knew of his prohibited status under § 922(g), not that he knew he was specifically prohibited from possessing a firearm).  Thus, this objection is overruled.

### IV.  CONCLUSION

After a careful and thorough review of the Report and record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 43) and incorporates it herein.  Accordingly, having concluded that it lacks jurisdiction, the court **DISMISSES** Petitioner's § 2241 Petition (ECF No. 1) without prejudice.  The Respondent's Motion for Summary Judgment (ECF No. 32) is **DENIED as moot.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right."  Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                        s/Timothy M. Cain
                                                        United States District Judge

Anderson, South Carolina
January 22, 2021